**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NORTHSTAR SYSTEMS LLC, | § | Case No. |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| MACY'S INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NorthStar Systems LLC ("NorthStar" or "Plaintiff") for its Complaint against Defendant Macy's Inc. ("Macy's" or "Defendant") alleges as follows:

**THE PARTIES**

1.      NorthStar is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 203 East Travis Street, Marshall, Texas 75670.

2.      Upon information and belief, Defendant Macy's Inc. is corporation organized under the laws of the state of Ohio with a regular and established place of business in this Judicial District at 6209 West Park Boulevard, Plano, TX 75093.  Upon information and belief, Macy's does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, has a regular and established place of business in this Judicial District, has purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District.

6.      Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

**PATENT-IN-SUIT**

7.      On September 2, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,614,349 (the "'349 Patent") entitled "Facility And Method For Tracking Physical Assets"   A true and correct copy of the '349 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=6614349.

8.      NorthStar is the sole and exclusive owner of all right, title, and interest in the '349 Patent (the "Patent-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.  NorthStar

also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

9.      The Patent-in-Suit generally covers systems and methods for tracking physical assets.

10.     The '349 Patent generally discloses a communication system for an asset to be monitored which operates to periodically receive a signal from a monitoring facility.  In response to an absence of a signal, the communication system communicates with the module through a second communication system.  The technology described in the '349 Patent was developed by Rod L. Proctor and Andrew J. Rimkus of Airbiquity Inc.  By way of example, this technology is implemented today in RFID asset tracking systems used by department stores.

11.     Macy's has infringed and is continuing to infringe the Patent-in-Suit by making, using, offering to sell, selling, and/or importing an RFID system deployed within Macy's stores and supply chain used to track inventory.

## COUNT I
### (Infringement of the '349 Patent)

12.     Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

13.     NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '349 Patent.

14.     Defendant has and continues to directly infringe the '349 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '349 Patent.  Such products include RFID asset tracking systems.

15.     For example, Defendant has and continues to directly infringe at least claim 1 of the '349 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include gateway devices that include an RFID asset tracking system.



16.     The Accused Products includes a method of monitoring an inventory of assets, each having a communication module, the method comprising: providing a facility having a first wireless communication system operable to communicate with each module.  For example Macy's stores include RFID communication systems located throughout the store, such as, for example on the Levi's wall.[2]  Furthermore, the Accused Products generate a first communication between the first system and each module, for example, the RFID tags on the Levi's wall communicate with the modules in that facility.  Based on the communication, the Accused Products establish an inventory of assets in the facility, e.g. "[t]he scan also automatically updates the store's inventory files."[3]  Based on the inventory, the Accused Products identify a missing asset absent from the facility and generate a second communication via a second communication system operating outside the facility, e.g., "With an RFID reader, we can scan the Levi's wall and realize what's in

---

[1] https://retailtouchpoints.com/features/editors-perspective/macy-s-commits-to-100-rfid-tagging-will-others-follow-suit.
[2] https://www.mmh.com/article/rfid_the_macys_way
[3] *Id.*

the backroom that should be on the floor."[4]  As a further example, this information is used to generate a more accurate replenishment order.[5]

17.     Defendant has and continues to indirectly infringe one or more claims of the '349 Patent by knowingly and intentionally inducing others, including Macy's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as Macy's client for mobile devices.

18.     Defendant, with knowledge that these products, or the use thereof, infringe the '349 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '349 Patent by providing these products to end users for use in an infringing manner.

19.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '349 Patent, but while remaining willfully blind to the infringement.

20.     NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '349 Patent in an amount to be proved at trial.

21.     NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '349 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

---

[4] *Id.*

[5] *Id.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NorthStar prays for relief against Defendant as follows:

a.      Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patent-in-Suit;

c.      An order awarding damages sufficient to compensate NorthStar for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding NorthStar its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e.      Such other and further relief as the Court deems just and proper.

Dated: September 18, 2020                     Respectfully submitted,

 /s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, NY 10169
Telephone: (212) 257-5797

Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
**RUBINO LAW LLC**
830 Morris Turnpike
Short Hills, NJ, 07078
Telephone: (973) 535-0920
Facsimile (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF
NORTHSTAR SYSTEMS LLC**